IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TCYK, LLC,

                Plaintiff,                      OPINION AND ORDER

    v.

                                              13-cv-296-wmc

DOES 1 - 13,

                Defendants.

---

    The current case is similar to many recently filed in this court and in other federal district courts across the country that threaten to be, if are not already, the latest cottage industry for lawyers: claims against internet users who alleged engaged in a collective activity involving copyright infringement. Presumably, these users believed their activity was legal, or, if illegal, would remain undetected and unpunished. This opinion merely addresses an initial skirmish between the plaintiff here, TCYK, LLC, and one of the 13 alleged infringers, who objects to an Internet Service Provider ("ISP") releasing their actual name in response to plaintiff's subpoena. For the reasons stated, that objection is denied.

BACKGROUND

    As in all of these cases, TCYK brings suit to enforce its federal copyright against a group of seemingly anonymous defendants, here named as Does 1 through 13. The defendants are alleged to have illegally downloaded and distributed a copyrighted motion picture, "The Company You Keep," by using a "BitTorrent protocol" in violation of the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

1

As explained in the complaint, the BitTorrent protocol makes even small computers with low band width capable of participating in large data transfers across a standard Peer-to-Peer network, with the "initial file-provider intentionally elect[ing] to share a file," also referred to as a "seed." (Complaint (dkt. #1), ¶ 3.) As other users ("peers" or "nodes") "request the same file, each additional user becomes a part of the network from which the file can be downloaded" and "[e]ach new file downloader receives a different piece of the data" from the other "peers" in the network. *Id*. As a result, every node or peer user who has a copy of the infringing copyrighted material on a torrent network "must necessarily also be a source of download for that infringing file." *Id*.

Without filing suit, TCYK and other copyright owners are able to identify the name of each user's ISP and IP address, but only after filing suit and subpoenaing the ISP can copyright owners obtain the actual names and addresses of the user (or, at least, of the owner of the individual address used to download the copyrighted content). Rather than incur the expense of trying to oppose these subpoenas, ISP providers -- no doubt inundated with these subpoenas and likely pestered by disappointed users who expect them to defend their (essentially unfounded) belief in their anonymity online -- have resorted to encouraging the users to interject their own objections to these subpoenas.

Filed under seal is just such an "objection" received by an alleged user who has been identified by TCYK as Doe 8. In response to a subpoena issued to their ISP, Doe 8 asks "that no personal information of mine be disclosed" on the grounds that a "guest" must have gained access to the internet account alleged to have been used to download

and then upload at least a portion of plaintiff's copyrighted movie. (Dkts. #9 (sealed) and #10 (redacted and unsealed).) In response, plaintiff's counsel filed an "Objection to Motion to Quash of Doe 8," which ultimately "respectfully requests that Doe 8's motion be denied so that the claims against Doe 8 may be advanced." (Dkt. #11.)

OPINION

TCYK's objection is curious in a number of respects, beginning with the fact that it chooses to treat Doe 8's letter "objection" as a motion to quash and then proceeds to argue that Doe 8 lacks standing to bring such a motion. As curious, having argued briefly that Doe 8 lacks standing, plaintiff devotes most of its "objection" to Doe 8's so-called motion to asserting that: (1) Doe 8 has no legitimate expectation of privacy to identifying information voluntarily disclosed to the ISP; and (2) Doe 8's claim of innocence as to any illegal download of plaintiff's movie is irrelevant to TCYK's right to proceed with obtaining discovery from the ISP.

All of these issues are interesting and may ultimately need to be addressed by this court, but for the most part are beside the point. Even assuming that Doe 8 has standing to bring a motion to quash -- which seems likely both because Doe 8 is, after all, a named (albeit at this point anonymous) party in suit and because it clearly has an interest in preventing the disclosure of Doe 8's confidential information held by the Internet Service Provider -- most of the other issues are premature. Whatever the merits of Doe 8's objection on the grounds of privacy, these concerns would appear to be easily addressed

3

by requiring any information produced in response to the subpoena by the ISP be done on a confidential basis only to the parties and filed by the parties in this court under seal, assuming this becomes necessary. Whether the information will ultimately remain confidential is a matter for another day. As to the objection based on Doe 8's innocence, this, too, can await a later determination as TCYK correctly points out.

Since there have been no other "objections" filed, much less an actual motion to quash, there would appear every reason for the Internet Service Provider to fulfill its obligations under the subpoena. Indeed, the plaintiff and the service provider appear to be conducting something of a kabuki dance, with the Doe defendants the unwilling, masked players, even though the burden is really on either the plaintiff to bring a motion to compel the service provider to respond to the subpoena or on the service provider to bring its own motion to quash, asserting the privacy rights of all of its subscribers.

ORDER

To the extent Doe 8's objection (dkts. ##9, 10) was intended to be a motion to quash, it is DENIED; to the extent it was intended to be a motion for protective order to maintain confidentiality of defendant's identity, it is GRANTED. Doe 8's Internet Service Provider is to respond to this court's subpoena on a confidential basis to plaintiff's counsel and the identified customer only. Plaintiff is further prohibited from disclosing

this identifying information by amended pleading or other filing except under seal without obtaining in advance the express leave of this court.

Entered this 13th day of August, 2013.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge